<div style="margin-left:sidebar">**United States District Court**
For the Northern District of California</div>

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM ANTHONY VASQUEZ, | No. C 08-268 SI (pr) |
| Petitioner, | **ORDER OF DISMISSAL WITH LEAVE TO AMEND** |
| v. | |
| BEN CURRY, warden, | |
| Respondent. | |

## INTRODUCTION

Adam Anthony Vasquez, an inmate at the Correctional Training Facility in Soledad, filed this pro se action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases. His in forma pauperis application also is before the court for consideration.

## BACKGROUND

Vasquez reports in his petition that he was convicted in the Los Angeles County Superior Court of second degree murder and was sentenced in 1991 to a term of 15 years to life in prison. His petition does not challenge his conviction but instead challenges a January 25, 2007 decision by the Board of Parole Hearings ("BPH") that found him not suitable for parole. Vasquez filed unsuccessful habeas petitions in state court before filing this action.

**DISCUSSION**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

Rule 2(c) of the Rules Governing Habeas Corpus cases requires the petitioner to "specify all the grounds for relief available to [him]" and to "state the facts supporting each ground." See also Hendricks v. Vasquez, 908 F.2d 490, 491-92 (9th Cir. 1990) (habeas petitioner must state his claims with sufficient specificity); Wacht v. Cardwell, 604 F.2d 1245, 1246-47 (9th Cir. 1979) (same). A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the state should be ordered to show cause why the writ should not be granted. See Mayle v. Felix, 545 U.S. 644, 655-56 (2005) (citing 28 U.S.C. § 2253).

The legal claims in the petition are not adequately pled.[1] Even though Vasquez has identified federal constitutional rights (i.e., the rights to due process and equal protection), the contours of the alleged violations of those rights are not understandable. This court can see that there is a "some evidence" claim, i.e., a claim that there was not some evidence to support the parole board's denial of parole. What this court is unable to do is to understand what other claims Vasquez is trying to allege. For example, he alleges that his rights "to due process and equal protection were violated when respondents utilized a lesser standard of legal proof requiring evidence with some indicia of reliability to find that petitioner is unsuitable to parole and is therefore an unreasonable risk." Petition attachment, fifteenth page. One must guess what

---

[1] In the place where the claims are supposed to be listed (i.e., page 6 of the form petition), Vasquez wrote "please see attached paperwork." In addition to several exhibits, there is a 37-page attachment that apparently is the explanation of his claims.

2

1  "respondents" Vasquez is referring to (e.g., the warden (who is the nominal respondent), the
2  BPH, or a state court) and then one must guess what the actor actually did. The contours of the
3  equal protection claims are even murkier. Where, as here, the court cannot understand enough
4  of a claim to even describe it, the court will not require respondent to frame an answer to it.

5  Vasquez must file an amended petition in which he clearly lists each and every federal
6  constitutional claim he wishes to present. For each claim, he must identify the particular federal
7  constitutional right that was violated and explain what happened (or failed to happen) at his
8  parole hearing on January 25, 2007 that caused the violation of that federal constitutional right.

9  In his amended petition, Vasquez should not include any claims for violations of state law
10 or regulations. Whether there were violations of state procedural laws is largely beside the point
11 here because a federal habeas court cannot grant relief based on a violation of state law.
12 See Estelle v. McGuire, 502 U.S. 62, 68 (1991); Walters v. Maass, 45 F.3d 1355, 1357 (9th Cir.
13 1995). Also, extended discussion of state court cases generally is unhelpful because this court's
14 focus is on the federal constitutional claim(s) and not on state law.

## CONCLUSION

17 For the foregoing reasons, the petition is dismissed with leave to amend. Vasquez must
18 file an amended petition no later than **May 30, 2008**. The legal discussion in the amended
19 petition must not exceed 25 pages in length. The amended petition also must be paginated, i.e.,
20 be numbered on each page and the numbers running in ascending order, such that the first page
21 has a "1" written on the bottom and the second page has a "2" written on the bottom and so forth.
22 Petitioner's in forma pauperis application is DENIED as unnecessary because he paid the
23 filing fee. (Docket # 2.)

24 IT IS SO ORDERED.
25 DATED: April 21, 2008

_____
SUSAN ILLSTON
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

ADAM ANTHONY VASQUEZ,

      Plaintiff,

v.

B. CURRY et al,

      Defendant.
_____/

Case Number: CV08-00268 SI

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 22, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Adam Anthony Vasquez H-10787
CTF-Soledad, Corr. Training Facility - Central
P.O. Box 689
Soledad, CA 93960

Dated: April 22, 2008

                                          Richard W. Wieking, Clerk
                                          By: Tracy Sutton, Deputy Clerk