UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM ANTHONY VASQUEZ, | No. C 08-268 SI (pr) |
| Petitioner, | **ORDER TO SHOW CAUSE** |
| v. | |
| B. CURRY, warden, | |
| Respondent. | |

## INTRODUCTION

Adam Anthony Vasquez, an inmate at the Correctional Training Facility in Soledad, filed this pro se action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court dismissed his original petition with leave to amend. Vasquez's first amended is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

## BACKGROUND

Vasquez stated in his original petition that he was convicted in the Los Angeles County Superior Court of second degree murder and was sentenced in 1991 to a term of 15 years to life in prison. His petition does not challenge his conviction but instead challenges a January 25, 2007 decision by the Board of Parole Hearings ("BPH") that found him not suitable for parole. Vasquez filed unsuccessful habeas petitions in state court before filing this action.

**DISCUSSION**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

Vasquez alleges three claims in his first amended petition. First, he contends that his rights to due process and equal protection were violated because he was denied individualized consideration for parole. He argues that, because he was not the actual shooter in the murder episode, it was improper for the BPH to find that his crime warranted continued confinement. The argument concerns the sufficiency of the evidence which, liberally construed, includes a claim that the evidence was insufficient to support the decision to find Vasquez unsuitable for parole. That claim is cognizable and warrants a response. There is no equal protection violation suggested by the allegations in the first claim.

Second, Vasquez contends that his rights to due process and equal protection were denied because the evidence was insufficient to support the decision and because the "some evidence" standard is the wrong standard of review. The due process claim that there was insufficient evidence to support the decision is cognizable in habeas and warrants a response. The rest of the arguments in the second claim are meritless. The "some evidence" standard is the correct standard for judicial review of a parole board's decision. See Sass v. California Board of Prison Terms, 461 F.3d 1123, 1128-29 (9th Cir. 2006) (adopting some evidence standard for disciplinary hearings outlined in Superintendent v. Hill, 472 U.S. 445, 454-55 (1985)). There is no equal protection violation suggested by the allegations in the second claim.

1      Third, Vasquez contends that there is an "absence of any professionally-recognized standard underpinning the ultimate decision made by the panel." First Amended Petition, p. 8. This claim is dismissed without leave to amend because it does not state a claim for a violation of the Constitution, laws or treaties of the United States. See 28 U.S.C. § 2254(a).

     The court is aware that a decision in particular case pending in the Ninth Circuit may provide guidance for the consideration of the first amended petition. In Hayward v. Marshall, 9th Cir. Case No. 06-55392, the panel's published decision, 512 F.3d 536 (9th Cir. 2008), was vacated when rehearing en banc was granted on May 16, 2008. The en banc oral argument took place on June 24, 2008, and the parties have finished their original briefing, as well as two supplemental rounds of briefing. There is no set date for a decision in the Hayward, however. Respondent should not to seek a stay of this action pending a decision in Hayward. See Yong v. INS, 208 F.3d 1116, 1120-22 (9th Cir. 2000) (it is an abuse of discretion for a district court to stay a habeas petition indefinitely pending resolution of a different case involving parallel issues on the basis of judicial economy). As an alternative to a stay, the court will be receptive to a reasonable request for an extension of time if a decision in Hayward is not issued by 30 days before the date respondent's brief is due.

## CONCLUSION

    For the foregoing reasons,

    1.     The first amended petition's due process claim that the evidence was insufficient to support the decision to find him unsuitable for parole warrants a response. All other claims are dismissed.

    2.     The clerk shall serve by certified mail a copy of this order, the first amended petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on petitioner.

    3.     Respondent must file and serve upon petitioner, on or before **September 25, 2009**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases,

showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the parole hearing record that have been previously transcribed and that are relevant to a determination of the issues presented by the first amended petition.

4. If petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondent on or before **October 30, 2009**. Petitioner's traverse (including all legal argument) may not exceed 20 pages in length.

5. Petitioner is responsible for prosecuting this case. He must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: June 29, 2009

                                                SUSAN ILLSTON
                                          United States District Judge